IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REGINA R. FUQUA, #179 970, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-250-WKW |
| | ) | [WO] |
| CAMILLE FIELDS, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Tutwiler Prison for Women in Wetumpka, Alabama, files this 42 U.S.C. § 1983 action against inmate Camille Fields. Plaintiff alleges that inmate Fields assaulted her on March 6, 2017, causing her to suffer a concussion and a scalp laceration which required stitches. Plaintiff seeks damages for her pain and suffering. Doc. 1 at 2–4, Doc. 1-1 at 1–2. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## **I. DISCUSSION**

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Servs.*, 993 F.2d 837, 840 (11th Cir. 1993). Like the state action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "merely

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

private conduct, no matter how discriminatory or wrongful." *Am. Mfrs.*, 526 U.S. at 50 (internal quotations and citations omitted). Consequently, "state action requires *both* an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, *and* that the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id*. (internal quotation marks and citations omitted) (emphasis in original).

Based on the court's review of the instant complaint, it is clear that Defendant Fields is not a state actor, nor does the complaint allege any actions taken by this individual that can in any way be attributed to the State. Plaintiff's complaint against her fellow inmate is, therefore, frivolous on the basis that Defendant Fields is not a state actor. Accordingly, Plaintiff's complaint against this defendant is subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## II. CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. §1915(e)(2)(B)(i).

---

[2] The undersigned notes that any supplemental state tort claim for assault and battery which Plaintiff may have sought to bring against Defendant Fields would be subject to dismissal. *See L.A. Draper and Son v. Wheelabrator Frye, Inc*., 735 F.2d 414, 427 (11th Cir. 1984) (internal quotation marks and citations omitted (finding that for a federal court "[t]o exercise [supplemental] jurisdiction over state law claims not otherwise cognizable in federal court, the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a common nucleus of operative fact."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *Raney v. Allstate Ins. Co*., 370 F.3d 1086, 1088–89 (11th Cir. 2004). Additionally, Plaintiff does not have a constitutional right to see her persecutor punished criminally for her conduct, nor, as a private citizen, can she commence criminal proceedings on her own. *Linda R. S. v. Richard D*., 410 U.S. 614, 619 (1973) (holding that a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.").

It is further ORDERED that **on or before May 11, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 27th day of April, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge